EPHRAIM S. CROCKETT *vs.* JOHN H. MILLETT *et al.*

Oxford, 1875.—October 7, 1875.

*Flowage. Mills. Action.*

A plaintiff whose land has been overflowed by a reservoir dam erected by the defendants upon their own land, but for the use of a mill not owned by them nor standing upon their land, may maintain an action on the case for the damages caused by such dam. The process by complaint, under R. S., c. 92, § 1, cannot be sustained upon these facts.

ON EXCEPTIONS.

CASE, commenced September 1, 1873, to recover for injuries

alleged to have been caused to the plaintiff by the erection and maintenance by the defendants of a dam (and flash-boards placed thereon) across Foye's brook, whereby its waters were prevented from running into Pennessewassee pond as they had previously done, and were thrown back upon and overflowed the land of the plaintiff.

The cause was referred to Hon. Charles Danforth, who made his report at the September term, 1874, of this court, as follows:

"The title to the land described in the plaintiff's writ has been in the plaintiff since December 13, 1849. The dam complained of in the writ was built by the defendants in 1865, and has since been maintained by them. This dam causes the water to flow the land described in the writ, doing damage; and the defendants, having a title to the land upon which the dam stands, claim the right of flowage by prescription. They claim further that the rights of the parties cannot be settled in this form of action, but that the process should be by complaint under the statute. Prior to 1865, and in substantially the same place as where the present dam stands, two dams had been erected by the owners of the land for the purpose of raising water for working mills standing thereon. The first with the mill thereon was built by one Foye, about the year 1815, and was maintained till a period somewhere between 1830 and 1835, when both mill and dam were burned down. The second dam with a mill thereon was built in 1836-7 by John Millett, who had succeeded to the title in the land and privilege, and was maintained by him until 1854, when the mill, becoming decayed, was abandoned by him, and the dam soon went down. In 1863 the defendants, having obtained the title of said John Millett to the land and privilege, built the present dam, not for the purpose of working mills of their own, but as a reservoir dam to hold water for the use of mills further down the stream owned and run by other parties. This dam was built under an agreement to lease and it was leased to the owners of the mills below as a reservoir dam and has been so used by them during all the time for which damages are claimed in this action. Since the erection of this dam, flash-boards have been put upon it by means of which the water is caused to flow higher upon the land described in the

writ, than by the former dams, and its use as a reservoir detains the water upon the land to a later period in the season. The two prior dams had flowed the plaintiff's land and damage had resulted therefrom. The present dam, without the flash-boards, flows no higher than the former. The increased height of flowage in consequence of the flash-boards, and the longer detention of the water upon the land in consequence of the use of the present dam as a reservoir, causes greater damage than resulted from the use of the prior dams. If upon the foregoing facts this action can be maintained, I find, and so award, that for this increased injury to his land, the plaintiff is entitled to recover the sum of thirty dollars, as damages, with the costs of reference . . . . and costs of court to be taxed by the court. If otherwise, judgment is to be entered for the defendants and for their costs . . . . . ."

The presiding justice accepted this report and ordered judgment for the plaintiff according to its terms, ruling that the action was maintainable; to which the defendants excepted.

*H. Upton & G. L. Farnum,* for the defendants.

This is an action at common law to recover damages caused by flowage, for which the statute remedy, R. S., c. 92, is exclusive.

Though the owner of the mill operated by the head of water thus raised is primarily liable, the owner of the dam is also responsible by complaint for the damages its erection occasions. *Nelson* v. *Butterfield,* 21 Maine, 220. *Wolcott Manufacturing Company* v. *Upham,* 5 Pick., 292. *Shaw* v. *Wells,* 5 Cush., 537.

A reservoir dam is within the flowage act. *Bates* v. *Weymouth Iron Company,* 8 Cush., 548. *Fiske* v. *Framingham Manufacturing Company,* 12 Pick., 68.

*A. Black,* for the plaintiff.

In Vermont a mill act similar to ours has been held unconstitutional. *Tyler* v. *Beacher,* 44 Vermont, 648. And though our court said in *Jordan* v. *Woodward,* 40 Maine, 317, that it was constitutional, yet they said that it went to the verge of the right of eminent domain; and in that case and in *Jones* v. *Skinner,* 61 Maine, 25, that its peculiar provisions would not be extended. An examination will show that they do not cover the case of flowage caused by one who owns no mill.

This structure ceased to be a mill-dam when the mill went down. *Baird* v. *Hunter*, 12 Pick., 556. *Fitch* v. *Stevens*, 4 Metc., 426.

APPLETON, C. J. This is an action on the case to recover damages caused by a dam erected by the defendants upon their own land. The plaintiff owns the land overflowed. The defendants own the land upon which their dam is built, but they own no mill. They erected and now maintain the dam as a reservoir dam for the benefit of mill owners below, but they have no interest in the mill for the use of which the water is retained, nor in the land upon which the mill is erected.

The plaintiff has been injured by the defendants' dam, and is entitled to compensation therefor. The question presented for determination is whether this action is maintainable, or whether the process should not have been a complaint under R. S., c. 92, § 1.

Under the act of 1821, c. 45, it was decided in *Farrington* v. *Blish*, 14 Maine, 423, that a complaint for flowing lands under that statute must allege that the respondent has erected a water-mill on his own land or the land of another with his consent, that it became necessary to raise a suitable head of water to work said mill, whereby the plaintiff's land was overflowed, etc., with an averment of damage thereby sustained. In that case the complainant obtained a verdict, but judgment was arrested, because the complaint contained no averment, "that the respondents had erected or caused to be erected, on their own land, or on the land of another person by his consent, any water-mill whatever; or that they had any concern or interest in any such mill; or that it was necessary to raise any head of water for the working of any mill."

By R. S., c. 92, § 1, "any man may erect and maintain a water-mill and dams to raise water for working it, on his own land, upon and across any stream not navigable," &c. It has been decided, after a careful review of the legislation relating to flowage, that under the present statute, the complaint must allege the defendant's ownership of the land on which the dam causing the flowage is erected, and that if this allegation is omitted, it would be bad on demurrer. *Jones* v. *Skinner*, 61 Maine, 25. This act is

substantially like the statute of 1821, and the construction given to that must apply to this.

The mill is the principal. The dam is subservient to it. The mill and the dam must both be upon the land of the mill owner to bring the case within the statute. *Farrington* v. *Blish*, 14 Maine, 423.

It is apparent that in accordance with the decisions of this court a complaint under the flowage act cannot be maintained. But there is a remedy for the injury sustained, and that is by an action on the case, which was the common law remedy before any legislation on the subject. *Exceptions overruled.*

WALTON, BARROWS, DANFORTH, VIRGIN and PETERS, JJ., concurred.